IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VINCENT MCDANIELS,

    Plaintiff,

v.                                                        CASE NO. 4:11-cv-171-MP-GRJ

DEBRA LIVINGSTON, et al.,

    Defendants
_____/

**ORDER GRANTING LEAVE TO PROCEED AS A PAUPER**
**AND REPORT AND RECOMMENDATION**

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"); Doc. 4, Plaintiff's motion for leave to proceed as a pauper; and Doc. 5, Plaintiff's request for service.  This case is also before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).  For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim upon which relief may be granted.

**Plaintiff's Motion to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed as a pauper (Doc. 4) is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee.  Plaintiff shall pay **$44.83** as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A); however,

Plaintiff is assessed the total $350.00 filing fee.  The agency having custody of Plaintiff shall forward, **WITHIN THIRTY (30) DAYS** from the date of this Order, the initial partial filing fee of **$44.83** to the Clerk of Court.  A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court."  The following information shall either be included on the face of the payment or attached thereto:  (1) the full name of the prisoner; (2) the prisoner's inmate number and, (3) Northern District  Florida Case Number 4:11-cv-171-MP-GRJ.  Checks or money orders which do not have this information will be returned.

Plaintiff is required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00.  These payments shall continue until the filing fee of $350.00 is paid in full.  Accordingly, the **Clerk** shall mail a copy of this Order to: Inmate Accounts, Mayo Correctional Institution, 8784 West U.S. Highway 27, Mayo, FL 32066.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf.  For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein.  Plaintiff is advised to retain a copy of this Order for this purpose.

**Plaintiff's Allegations**

Plaintiff's claims stem from an unspecified prison disciplinary conviction for which he was punished with the loss of visitation privileges for two years. Plaintiff does not assert that he was denied due process in connection with the underlying disciplinary proceeding. Rather, Plaintiff contends that he was entitled to additional procedural safeguards before the sanction chosen by prison officials – loss of visitation – was imposed. Plaintiff contends that he has a due-process liberty interest in child visitation, and that the sanction was chosen out of reprisal for Plaintiff's exercise of his rights by filing grievances against prison officials. Doc. 1.

**Due Process In the Prison Disciplinary Setting**

When a constitutionally protected liberty interest is implicated by a prison disciplinary proceeding, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974). The factfinder's decision need only be supported by "some evidence." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

Plaintiff does not challenge the procedures used to find him guilty of a prison disciplinary charge, and he points to no authority for the proposition that he was entitled to a second hearing before a sanction was imposed. The Court's review of *Wolff* and its progeny reveals no authority for the type of bifurcated disciplinary hearing advanced

by Plaintiff.

Moreover, the sanction imposed in this case does not give rise to a constitutionally-protected liberty interest. In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

In *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003), the Supreme Court upheld prison regulations that placed significant restrictions on prisoners' visitation rights. The Court explained that:

> The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *Shaw v. Murphy*, 532 U.S. 223, 229, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001). And, as our cases have established, freedom of association is among the rights least compatible with incarceration. *See Jones, supra*, at 125-126, 97 S.Ct. 2532; *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Some curtailment of that freedom must be expected in the prison context.

*Overton*, 539 U.S. at 131. The Court specifically concluded that a two-year bar on visitation for certain offenders did not run afoul of *Sandin* because it did not represent "a dramatic departure from accepted standards for conditions of confinement," nor did the bar "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety." *Id*. at 137. While Plaintiff contends that other inmates who were convicted of similar offenses did not have visitation privileges suspended for

two years, he has alleged no facts suggesting that the application of the sanction to him, under the particular circumstances of his disciplinary proceeding, was arbitrary such that different considerations might apply.  *See id*.

## Conclusion

For the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted because Plaintiff was not entitled to a bifurcated disciplinary hearing prior to imposition of a sanction, and in any event the facts alleged by Plaintiff do not support a conclusion that the sanction imposed triggered any additional constitutional due process protections.

Accordingly, upon due consideration, it is:

1.  **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 4, is **GRANTED.**

2.  Respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3.  Respectfully **RECOMMENDED** that Plaintiff's request for service, Doc. 5, be **DENIED AS MOOT.**

**IN CHAMBERS**  this 30th day of November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:11-cv-171-MP-GRJ*